IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| STEPHEN MELLGREN<br>Plaintiff<br><br>VS.<br><br>SELECT PORTFOLIO SERVICING, INC,<br>AS MORTGAGE SERVICER FOR<br>U.S. BANK, NATIONAL ASSOCIATION,<br>AS TRUSTEE, SUCCESSOR IN INTEREST<br>TO WACHOVIA, N.A. AS TRUSTEE FOR<br>CHASE MORTGAGE FINANCE TRUST<br>SERIES 2005-AZ | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | C.A. No. 6:19-cv-00302 |

**DEFENDANT'S NOTICE OF REMOVAL**

Defendant, Select Portfolio Servicing, Inc. as Mortgage Servicer for U.S. Bank, N.A., Successor Trustee to Wachovia Bank, N.A., as Trustee, for the Chase Mortgage Finance Trust Multi-Class Mortgage Pass-Through Certificates, Series 2005-A2 (as improperly named) ("**SPS**" or "**Defendant**") hereby removes this case from the 66th District Court of Hill County, Texas to the United States District Court for the Western District of Texas, Waco Division. Defendant denies the claims and damages alleged in Plaintiff's Original Petition and files this Notice without waiving any claims, defenses, exceptions, or obligations that may exist in its favor in state or federal court.

**I.    INTRODUCTION**

1.    On April 30, 2019, Plaintiff Stephen Mellgren ("**Plaintiff**") commenced this action by filing Plaintiff's Verified Application for Temporary Restraining Order and Injunction (the "**Complaint**"), Cause No. CV300-19DC in the 66th District Court of Hill County, Texas (the "**State Court Action**"). See Exhibit C-1. The State Court Action was filed for purposes of

delaying or preventing a foreclosure sale by Defendant on real property located at 1237 Overlook Court, Whitney, Texas 76692 (the "**Property**").[1] On May 2, 2019, Plaintiff obtained an ex parte Temporary Restraining Order precluding foreclosure by Trustee for 14 days. See Exhibit C-3.

2. Pursuant to 28 U.S.C.A. § 1446(b) (West) of the Federal Rules of Civil Procedure, this Notice of Removal is timely filed within thirty (30) days of Defendant's first receipt of the initial state court pleading.[2]

## II. PLEADINGS AND NOTICE TO STATE COURT

3. True and correct copies of all pleadings, process, orders and other filings in the State Court Action are being filed along with this Notice of Removal as required by 28 U.S.C.A. § 1446(a). Pursuant to 28 U.S.C.A. § 1446(d), written notice of this removal is being served on Plaintiff and filed in the State Court Action.

## III. STATEMENT OF STATUTORY BASIS FOR JURISDICTION AND VENUE

4. This action is within the original jurisdiction of the United States District Court pursuant to 28 U.S.C.A. § 1332(a)(1) (West). That statute provides, in pertinent part, that "the district courts shall have the original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States."[3] Venue is proper in this district under 28 U.S.C.A. § 1441(a) (West) because the state court where the State Court Action has been pending is located in this district. As discussed in detail below, this action satisfies the statutory requirements for diversity of citizenship jurisdiction.

---

[1] See Complaint at ¶ 2 and ¶5.
[2] *Bd. of Regents of Univ. of Texas Sys. v. Nippon Tel. & Tel. Corp.*, 478 F.3d 274, 278 (5th Cir. 2007).
[3] 28 U.S.C.A. § 1332(a)(1).

2

## IV. **DIVERSITY JURISDICTION**

### A. <u>Citizenship of the Parties</u>

5. This civil action involves a controversy between citizens of different states.

6. Plaintiff is a citizen of Texas for diversity purposes as he resides and is domiciled in the state of Texas.[4]

7. Defendant, Select Portfolio Servicing, Inc., is a Utah Corporation. A corporation is deemed to be a citizen of (1) every state where it has been incorporated and (2) the state where it has its principal place of business (i.e. its "nerve center").[5] Defendant is a Utah corporation with its principal place of business in Salt Lake City, Utah. SPS is not incorporated in Texas, nor is its principal place of business located in Texas. Therefore, SPS is a citizen of Utah for purposes of diversity jurisdiction.

8. Although not named specifically as a party, U.S. Bank, N.A., Successor Trustee to Wachovia Bank, N.A., as Trustee, for the Chase Mortgage Finance Trust Multi-Class Mortgage Pass-Through Certificates, Series 2005-A2 ("Trustee"), is the trustee of a trust. When determining citizenship of a trust for purposes of diversity jurisdiction, it is the citizenship of the trustee which controls, not the citizenship of the beneficiaries of the trust.[6] U.S. Bank National Association's articles of association establish that Ohio is its main office. Therefore, Trustee is a citizen of Ohio for diversity purposes.[7]

9. Because Plaintiff is a citizen of Texas and Defendant and Trustee are citizens of states other than Texas, there is complete diversity of citizenship among the parties. *See* 28 U.S.C.A. §332(c)(1) (West).

---

[4] See Complaint at ¶ 2.
[5] 28 U.S.C.A. § 1332(c)(1).
[6] *Navarro Sav. Ass'n v. Lee*, 446 U.S. 458, 464, 100 S. Ct. 1779, 64 L. Ed. 2d 425 (1980).
[7] 28 U.S.C.A. § 1348 (West); *Wachovia Bank v. Schmidt*, 546 U.S. 303, 307, 126 S. Ct. 941, 163 L. Ed. 2d 797 (2006) ("[A] national bank, for 1348 purposes, is a citizen of the State in which its main office, as set forth in its articles of association, is located.").

3

**B.    Amount in Controversy**

10.    This case places an amount in controversy that exceeds the $75,000 threshold. A party may remove an action from state court to federal court if the action is one over which the federal court possesses subject matter jurisdiction.[8] Such jurisdiction exists as long as the parties are completely diverse and the amount in controversy exceeds $75,000.00.[9]

11.    When ascertaining the amount in controversy in the context of a motion to remand, district courts query whether a plaintiff's state court petition, as it existed at the time of removal, alleged damages in excess of the statutory minimum.[10]

12.    If the Complaint does not allege a specific amount of damages, the removing party must prove by a preponderance of the evidence that the amount in controversy requirement is satisfied.[11] The removing party satisfies this burden if the court finds it "facially apparent" that the plaintiff's claimed damages likely exceed $75,000.00.[12] In this instance, Plaintiff's Complaint makes it apparent that the amount in controversy exceeds $75,000.00.

13.    In the Complaint, among other things, Plaintiff contests Defendant's right to foreclose and seeks injunctive relief precluding foreclosure by Trustee.[13] This has had and if successful will have the effect of precluding Trustee from exercising its contractual and legal right to foreclosure on the Property based on a first lien mortgage held by Trustee that is in default.

14.    The value of the Property for 2019 according to the Hill County Appraisal District is no less than $540,440.00. See Exhibit D.

---

[8]    See 28 U.S.C.A. § 1441(a).
[9]    See 28 U.S.C.A. § 1332(a).
[10]   See *S.W.S. Erectors, Inc. v. Infax, Inc.*, 72 F.3d 489, 492 (5th Cir. 1996).
[11]   See *Lewis v. State Farm Lloyds*, 205 F. Supp. 2d 706, 708 (S.D. Tex. 2002) citing *De Aguilar v. Boeing Co.*, 11 F.3d 55, 58 (5th Cir. 1993); *see also Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002) (explaining that the removing party bears the burden of showing that federal jurisdiction exists and that removal is proper).
[12]   *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995).
[13]   See Complaint Generally and specifically at ¶ 8 requesting injunctive relief.

4

15.     Federal jurisdiction can be established by facts alleged in the petition for removal that support a conclusion that the amount in controversy requirement is satisfied.[14] "In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation."[15] Plaintiff seeks relief which has and will preclude enforcement of the contractual loan obligations and Defendant's right to obtain title and take possession of the subject property.[16]

16.     "[W]hen the validity of a contract or a right to property is called into question in its entirety, the value of the property controls the amount in controversy."[17] "[T]he amount in controversy, in an action for declaratory or injunctive relief, is the value of the right to be protected or the extent of the injury to be prevented."[18] Also, where a party seeks to quiet title or undo a foreclosure, the object of the litigation is the property at issue and the amount in controversy is measured by the value of the property.[19] The value of the subject property in this instance for diversity purposes is no less than $540,440.00 per the records of the Hill County Appraisal District for 2018. See Exhibit D. The value of the Property in this instance satisfies the jurisdictional amount of $75,000.00 for diversity purposes and the claim for attorney's fees further supports the requisite amount in controversy for diversity jurisdiction.

---

[14]  *Menendez v. Wal-Mart Stores, Inc.*, 364 F. App'x 62, 66 (5th Cir. 2010) (unpublished) (*citing Garcia v. Koch Oil Co. of Texas Inc.*, 351 F.3d 636, 638–39 (5th Cir. 2003)).
[15]  *Hunt v. Washington State Apple Advert. Comm'n*, 432 U.S. 333, 347, 97 S. Ct. 2434, 53 L. Ed. 2d 383 (U.S. 1977).
[16]  See Complaint Generally and specifically at ¶8.
[17]  *Waller v. Prof'l Ins. Corp.*, 296 F.2d 545, 547–48 (5th Cir. 1961).
[18]  *Webb v. Investacorp, Inc.*, 89 F.3d 252 (5th Cir. 1996), citing *Leininger v. Leininger*, 705 F.2d 727 (5th Cir. 1983).
[19]  *See Berry v. Chase Home Fin., LLC*, No. CIV.A. C-09-116, 2009 WL 2868224, at *2 (S.D. Tex. Aug. 27, 2009).

## V. JURY DEMAND

17.  Plaintiff has made no known jury demand in the State Court Action.

## VI. CONCLUSION

18.  For the foregoing reasons, Defendant asks the Court to remove this suit to the United States District Court for the Western District of Texas, Waco Division.

Respectfully submitted,

By: /s/ Michael F. Hord Jr.
    Michael F. Hord Jr.
    State Bar No. 00784294
    Federal I.D. No. 16035
    Eric C. Mettenbrink
    State Bar No. 24043819
    Federal I.D. No. 569887
    HIRSCH & WESTHEIMER, P.C.
    1415 Louisiana, 36th Floor
    Houston, Texas  77002-2772
    713-220-9182 Telephone
    713-223-9319 Facsimile
    E-mail: mhord@hirschwest.com
    Email: emettenbrink@hirschwest.com

**ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF SERVICE

I hereby certify that on this 15th day of May, 2019, a true and correct copy of the foregoing and/or attached was served on each attorney of record or party in accordance with **Federal Rule of Civil Procedure 5(b)** and/or by **E-File Delivery** as follows:

Stephen D. Howen
Law Office of Steve Howen
7111 Bosque Blvd., Suite 305
Waco, TX 76710
**Via Email and U.S. Regular Mail**

/s/ Michael F. Hord Jr.
Michael F. Hord Jr.